UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

JERRY L. HOFFMAN,

      Plaintiff,

v.                                                  Case No.:  2:24-cv-111-SPC-KCD

T. SMITH and CITY OF PUNTA
GORDA,

      Defendants.
_____/

## OPINION AND ORDER

Before the Court are Defendants' Motion to Dismiss (Doc. 35) and Plaintiff's Response (Doc. 36).  For the below reasons the Court grants the motion.

Plaintiff Jerry Hoffman represents himself in this suit against Defendants City of Punta Gorda and Officer T. Smith.  In his second-amended complaint, Plaintiff alleges that he was waiving a flag with political speech on a public sidewalk when Defendant Smith wrote him a citation for a fine. Defendants then "maliciously attempted to prosecute" Plaintiff "on three different occasions[.]" (Doc. 33 at 4).  Defendants move to dismiss the malicious prosecution claims, arguing that "Plaintiff does not allege that he was charged with any crime, received legal process with respect to any charge, or that he was seized after any legal process." (Doc. 35 at 4).

To survive a Rule 12(b)(6) motion, a plaintiff must plead enough facts to state a claim that is "plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted). A claim is plausible when a plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. A plaintiff must provide more than labels and conclusions. *Bell Atl. Corp. v. Twombly*, 550 U.S. 554, 555 (2007). A formulaic recitation of the elements of a cause of action will not be enough. *Id*. "Factual allegations must be enough to raise a right above the speculative level[.]" *Id*. When considering a motion to dismiss, courts must accept all factual allegations in the complaint as true and view them in the light most favorable to the plaintiff. *See Iqbal*, 556 U.S. at 678.

Pro se complaints are construed liberally and held to less stringent standards than formal pleadings that lawyers draft. *See Campbellv. Air Jamaica Ltd.*, 760 F.3d 1165, 1168 (11th Cir. 2014). But the leniency has limits. Courts neither "serve as de facto counsel for a [pro se] party," nor "rewrite an otherwise deficient pleading in order to sustain an action." *Id*. at 1168-69 (citation omitted); *see also Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989) (pro se litigants are "subject to the relevant law and rules of court, including the Federal Rules of Civil Procedure").

Under § 1983, Hoffman must allege (1) a violation of a constitutional right, and (2) that the alleged violation was committed by a person acting

under the color of state law.  *Brennan v. Thomas*, 780 F. App'x 813, 820 (11th Cir. 2019).  The first element is at issue.  Plaintiff confirms that he is asserting First Amendment claims and Fourth Amendment malicious prosecution claims.  (Doc. 36 at 5).  But he has not sufficiently alleged malicious prosecution.

Malicious prosecution requires Plaintiff to allege "(1) that the defendant violated his Fourth Amendment right to be free from seizures pursuant to legal process and (2) that the criminal proceedings against the plaintiff terminated in his favor."  *Colon v. Smith*., No. 22-14106, 2024 WL 3898011, at *7 (11th Cir. Aug. 22, 2024) (cleaned up).  So, a malicious prosecution claim "must be premised on a seizure *pursuant to* legal process, such as a warrant-based arrest or a seizure following an arraignment, indictment, or probable-cause hearing."  *Id*. (cleaned up).

Plaintiff alleges that he was issued a citation and that Defendants "maliciously attempted to prosecute Plaintiff . . . on three different occasions[.]" (Doc. 33).  To the extent Plaintiff argues that he was seized pursuant to legal process while Defendant Smith issued the citation, this cannot support his claim.  *See Orban v. City of Tampa*, No. 804CV1904T23MAP, 2006 WL 890149, at *2 (M.D. Fla. Apr. 5, 2006) (holding that while a traffic citation could initiate a prosecution, "only a seizure occurring after the issuance of the citation may serve as a predicate for a Section 1983 malicious prosecution claim[.]").  Rather,

Plaintiff must allege that he was seized *in relation to his prosecution*. *See Naylor v. Melendez*, No. 2:15-CV-593-FTM-99CM, 2016 WL 1367143, at *2 (M.D. Fla. Apr. 6, 2016) ("Under the second prong of a § 1983 malicious prosecution claim, the plaintiff bears the burden of proving that he was seized in relation to the prosecution, in violation of his constitutional rights."). Because it is unclear whether Plaintiff can allege facts showing he was deprived of his liberty in this way, the Court will grant him leave to amend.

Accordingly, it is now

**ORDERED:**

1. Defendants' Motion to Dismiss (Doc. 35) is **GRANTED**.

2. Plaintiff's malicious prosecution claims are **DISMISSED without prejudice**. On or before **September 14, 2024**, Plaintiff must file a third amended complaint to either amend or drop his malicious prosecution claims.

**DONE** and **ORDERED** in Fort Myers, Florida on August 30, 2024.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies:  All Parties of Record