UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

JERRY L. HOFFMAN,

    Plaintiff,

v.                                                Case No.:  2:24-cv-111-SPC-KCD

T. SMITH and CITY OF PUNTA
GORDA,

    Defendants.
                                         /

## OPINION AND ORDER

Before the Court are Defendants' Motion to Dismiss (Doc. 40) and Plaintiff's Response (Doc. 43). For the below reasons the Court grants the motion in part.

Plaintiff Jerry Hoffman represents himself in this suit against Defendants City of Punta Gorda and Officer T. Smith. In his Third-Amended Complaint, Plaintiff alleges that he was waiving a flag on a public sidewalk when Defendant Smith wrote him a citation for a fine. Defendants then "maliciously prosecuted Plaintiff for the content of Plaintiff's protected speech[.]" (Doc. 38 at 6). Defendants move to dismiss the malicious prosecution claims, arguing that "Plaintiff does not allege that he was charged

with any crime, received legal process with respect to any charge, or that he was seized after any legal process." (Doc. 40 at 4-5).[1]

This is not the first time the Court has considered this argument for dismissal. The Court already dismissed Plaintiff's second-amended complaint on this ground with leave to amend. The Court instructed Plaintiff that his malicious prosecution claims "must be premised on a seizure pursuant to legal process, such as a warrant-based arrest or a seizure following an arraignment, indictment, or probable-cause hearing." (Doc. 37 at 3 (quoting *Colon v. Smith.*, No. 22-14106, 2024 WL 3898011, at *7 (11th Cir. Aug. 22, 2024)). The Court further explained that his seizure while Defendant Smith wrote him a ticket could not serve as the requisite "seizure pursuant to legal process." (*Id.* (quoting *Orban v. City of Tampa*, No. 804CV1904T23MAP, 2006 WL 890149, at *2 (M.D. Fla. Apr. 5, 2006)).

Yet this time around Plaintiff does not allege any new facts to support a seizure pursuant to legal process. He does not mention any seizure following an arraignment, indictment, or probable-cause hearing. Instead, he continues to rely on the seizure that occurred while Defendants wrote him a ticket. The

---

[1] The Court "accept[s] the allegations in the complaint as true and constru[es] them in the light most favorable to" Plaintiffs. *Belanger v. Salvation Army*, 556 F.3d 1153, 1155 (11th Cir. 2009).

Court must dismiss his malicious prosecution claim because Plaintiff still fails to allege facts showing seizure pursuant to legal process.[2]

Defendants also argue that the third-amended complaint should be dismissed with respect to Defendant Smith because "Plaintiff brings no claim for relief against Officer Smith." (Doc. 40 at 6). In support, Defendants cite the "Relief" section of Plaintiff's standard form complaint, where he specifically mentions Defendant City of Punta Gorda, but not Defendant Smith. (Doc. 38 at 7). Liberally construing Plaintiff's pro se complaint, as the Court must, the Court finds that Plaintiff is bringing claims for relief against both named defendants.

Finally, Defendants argue that Defendant City of Punta Gorda cannot be held liable for punitive damages. The Court agrees. *See Colvin v. McDougall*, 62 F.3d 1316, 1319 (11th Cir. 1995) (holding punitive damages are not recoverable under § 1983 against a municipality or a sheriff sued in his official capacity).

Accordingly, it is now

**ORDERED:**

---

[2] Plaintiff refers to "court dates" that were scheduled and then rescheduled prior to a voluntary dismissal. (Doc. 38 at 6). It is unclear if Plaintiff attended these proceedings. Regardless, a mere court appearance does not amount to a seizure pursuant to legal process for purposes of a malicious prosecution claim. *See e.g.*, *Lyon v. Borders*, 2022 WL 2032927 *1 (M.D. Fla. March 30, 2022).

1. Defendants' Motion to Dismiss (Doc. 40) is **GRANTED in part**. Plaintiff's malicious prosecution claims are **DISMISSED with prejudice** and his request for punitive damages against Defendant City of Punta Gorda is **STRICKEN**.

2. **On or before December 27, 2024**, Defendants must answer the remainder of the third-amended complaint.

**DONE** and **ORDERED** in Fort Myers, Florida on December 13, 2024.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record