UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

JERRY L. HOFFMAN,

    Plaintiff,

v.                                          Case No.:   2:24-cv-111-SPC-KCD

T. SMITH and CITY OF PUNTA
GORDA,

    Defendants.
_____/

## ORDER

Before the Court is Plaintiff Jerry L. Hoffman's Motion to Compel. (Doc. 44.)[1] Defendants responded in opposition (Doc. 45), making this matter ripe. For the reasons below, the motion is denied.

Hoffman sues the City of Punta Gorda and Officer T. Smith. Hoffman alleges he was waiving a flag with political speech on a City sidewalk when Smith wrote him a citation. Hoffman was then maliciously prosecuted for his protected political speech. (Doc. 38 at 4.)

During discovery, Hoffman served the City of Punta Gorda with interrogatories and requests for production. (Docs. 45-1, 45-2.) The City objected to the vast majority of the discovery, so Hoffman now moves to compel.

---

[1] Unless otherwise indicated, all internal quotation marks, citations, and alterations have been omitted in this and later citations.

Federal Rule of Civil Procedure 26(b)(1) states that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). Consistent with this standard, the purpose of discovery is to allow a broad search for facts that may aid a party in preparing or presenting his case. *See Hickman v. Taylor*, 329 U.S. 495, 507 (1947) ("No longer can the time-honored cry of 'fishing expedition' serve to preclude a party from inquiring into the facts underlying his opponent's case.").

The party moving to compel discovery bears the initial burden of proving relevance. *Douglas v. Kohl's Dept. Stores, Inc.*, No. 6:15-CV-1185-Orl-22TBS, 2016 WL 1637277, at *2 (M.D. Fla. Apr. 25, 2016). The responding party must then demonstrate how the discovery is improper, unreasonable, or disproportionate. *Aileron Inv. Mgmt., LLC v. Am. Lending Ctr., LLC*, No. 8:21-CV146-MSS-AAS, 2021 WL 5961144, at *1 (M.D. Fla. Dec. 16, 2021). "When opposing the motion [to compel], a party must show specifically how the requested discovery is" objectionable. *Nolan v. Integrated Real Est. Processing, LP*, No. 3:08-CV-642-J-34HTS, 2009 WL 635799, at *1 (M.D. Fla. Mar. 11, 2009).

Hoffman has not met his initial burden of proving that the discovery requests are relevant. Indeed, Hoffman's motion includes no memorandum of law, as required by Local Rule 3.01(a). Nor did he attach the disputed

2

discovery. In any event, having reviewed Defendants' response, as well as the discovery requests (Docs. 45-1, 45-2), the Court agrees that they do not comply with Rule 26. *See, e.g., Steele v. Tynda Holdings, LLC*, No. 6;18-cv-1315-Orl-41LRH, 2019 WL 13247295, at *4 (M.D. Fla. Apr. 17, 2019).

The complaint deals with a citation for waiving a flag on a sidewalk, but most interrogatories dive into irrelevant, tangential issues, such as the City's social media activities. (*See* Doc. 45-1 at 5, interrogatory 12, "Did the City of Punta Gorda have Furen & Ginsburg P.A. draft a legal opinion regarding First Amendment limitations on the city's ability to moderate public comments on the city's social media[.]"). When the relevancy of a discovery request is not apparent, the party seeking discovery must show its relevancy. *Siddiq v. Saudi Arabian Airlines Corp.*, No. 6:11-cv-69-Orl-19GJK, 2011 WL 6936485, at *2 n.3 (M.D. Fla. April 29, 2011). Hoffman has not done that here—as mentioned, his motion contains no memorandum in support.

Where Hoffman does hit a relevant topic, his requests are otherwise objectionable for covering an unreasonable time-period or requesting a disproportionate amount of information. For example, Hoffman asks the City to provide details about every "legal proceeding" it has been a party to for the last five years. While Hoffman is certainly allowed to propound discovery, he must comply with the Federal Rules of Civil Procedure and the Court's Discovery Handbook when doing so. The discovery here falls short of both.

Accordingly, Plaintiff Jerry L. Hoffman's Motion to Compel (Doc. 44) is **DENIED**.

**ORDERED** in Fort Myers, Florida on December 13, 2024.

Kyle C. Dudek
United States Magistrate Judge

Copies:  All Parties of Record