UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

JERRY L. HOFFMAN,

       Plaintiff,                   Case No. 2:24-cv-111-SPC-KCD

v.

OFFICER T. SMITH,
CITY OF PUNTA GORDA,

       Defendants,

_____/

**ORDER**

Plaintiff Jerry Hoffman sues the City of Punta Gorda and Officer T. Smith. Hoffman alleges he was waiving a flag with political speech on a City sidewalk when Smith wrote him a citation, thus violating his Constitutional rights. (Doc. 38.) Defendants move to compel Hoffman's deposition. (Doc. 52.)[1] Hoffman, in turn, seeks a protective order to prevent testifying. (Doc. 53.)

Defendants have tried to schedule Hoffman's deposition for over a month without success. (Docs. 52-1, 52-3.) Hoffman has so far refused and claims that the deposition request is untimely, redundant, and harassing. (Doc. 53 at 6.)

"[T]he purpose of discovery is to provide a mechanism for making relevant information available to the litigants." *Lozano v. Maryland Cas. Co.*,

---

[1] Unless otherwise indicated, all internal quotation marks, citations, and alterations have been omitted in this and other citations.

850 F.2d 1470, 1473 (11th Cir. 1988). "Mutual knowledge of all the relevant facts gathered by both parties is essential to proper litigation. To that end, either party may compel the other to disgorge whatever facts he has in his possession." *Hickman v. Taylor*, 329 U.S. 495, 507 (1947). Broad discovery helps "make a trial less a game of blind man's bluff and more a fair contest with the basic issues and facts disclosed to the fullest practicable extent." *United States v. Procter & Gamble Co.*, 356 U.S. 677, 682 (1958).

Consistent with this approach to discovery, the Federal Rules of Civil Procedure allow parties to depose witnesses, including an opposing party. *See* Fed. R. Civ. P. 30(a). Depositions can be essential to the discovery of relevant facts and the acquisition of key admissions from parties or witnesses. In some cases, depositions are "indispensable." *Mill-Run Tours, Inc. v. Khashoggi*, 124 F.R.D. 547, 549 (S.D.N.Y. 1989). Indeed, Defendants argue (persuasively) that Hoffman's deposition is necessary to defend this case. (Doc. 52 at 4.)

Hoffman offers no convincing argument that he should be excused from providing testimony, so the Court will order that he appear for a properly noticed deposition. *See, e.g.*, *Rizzo v. Glades Golf & Country Club, Inc.*, No. 2:20-CV-390-SPC-MRM, 2021 WL 8946694, at *3 (M.D. Fla. June 23, 2021). The discovery deadline is not until April 25, 2025, so timeliness is not an issue. And Defendants' scheduling efforts, outlined in the parties' emails attached to the briefing (Docs. 52-1−52-3, 53-1), have not been harassing. Nor

2

has Hoffman shown redundancy. Even assuming the encounter with Officer Smith was captured on video, that evidence does not end the case. Defendants remain entitled to question Hoffman on the myriad of other issues remaining for adjudication, such as his damages.

For "good cause" shown, the Court may issue a protective order limiting discovery. Fed. R. Civ. P. 26(c). Good cause is a flexible concept that considers the non-moving party's interest in obtaining discovery against the moving party's proffer of harm that would result. Despite the malleable standard, "the burden of showing good cause to preclude a deposition altogether is a heavy one." *Greater Birmingham Ministries v. Merrill*, 321 F.R.D. 406, 408 (N.D. Ala. 2017). "It is very unusual for a court to prohibit the taking of a deposition altogether and absent extraordinary circumstances, such an order would likely be in error." *See Salter v. Upjohn Co.*, 593 F.2d 649, 651 (5th Cir. 1979). Hoffman has not shown this case is extraordinary enough to preclude his deposition.

Hoffman must confer with Defendants about a date and time for his deposition to take place. If Hoffman fails to cooperate, Defendants may unilaterally set the deposition. **Hoffman should note that if he does not**

comply with the Court's Order to attend the deposition, more severe sanctions will be considered.[2]

Accordingly, it is **ORDERED**:

1.     Defendants' Motion to Compel Plaintiff's Deposition (Doc. 52) is **GRANTED IN PART** to the extent that the Court compels Hoffman to sit for a deposition.[3] The motion's alternative request for relief is **DENIED WITHOUT PREJUDICE**.

2.     Defendants are directed to provide a copy of this Order to Hoffman and confer with him about a date for his deposition.

3.     Plaintiff's Motion to Quash and for Protective Order (Doc. 53) is **DENIED**.

**ENTERED** in Fort Myers, Florida on April 4, 2025.

Kyle C. Dudek
United States Magistrate Judge

---

[2] Alternatively, Defendants request that the Court set a date, time, and location (such as the Fort Myers Federal Courthouse) for Hoffman's deposition to take place. (Doc. 52 at 5.) The Court denies this request without prejudice. If Hoffman fails to cooperate, the Court will consider these alternative measures.

[3] If a motion to compel "is granted . . . the court must . . . require the party or deponent whose conduct necessitated the motion . . . to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." Fed. R. Civ. P. 37(a)(5). Defendants do not ask for expenses. Nor have they provided any documentation to issue such an award. So the Court cannot order expenses at this time. *See, e.g., CMR Constr. & Roofing, LLC v. ASI Preferred Ins. Corp.*, No. 2:19-CV-442-FTM-29MRM, 2020 WL 9172016, at *3 (M.D. Fla. May 1, 2020).